UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BETTY L. OLIN,

 Plaintiff,

vs.              CASE NO. 3:03-cv-710-J-TEM

JO ANNE B. BARNHART,
Commissioner of
Social Security,

 Defendant.
_____

## FINAL ORDER[1]

This case is before the Court on Plaintiff's Complaint (Doc. #1), filed August 22, 2003, seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability income benefits under the Social Security Act.

The Court has reviewed the record, considered the Memoranda of the parties (Docs. #18 & #19), and heard oral argument on August 25, 2005. For the reasons more fully stated in the transcript of the Court's Findings, which is incorporated by reference and attached hereto,[2] and which are further stated hereafter, the Court has determined the decision of the underlying Administrative Law Judge is not supported by substantial evidence.

In addition to the Findings read into the record at the conclusion of the August 25th

---

[1]The parties have consented to exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Doc. #15.

[2]In the interest of the Court rendering a timely decision, the Court has made minor editorial revisions or corrections to the attached Findings provided by the court reporter. These revised findings are intended to be the final decision of the Court. However, if any review of this decision is sought, any party may, of course, ask to have a transcript of the Court's original announced findings included in the appellate record.

hearing, the Court finds as follows:

Plaintiff raises two issues on appeal. First, Plaintiff questions whether or not the ALJ respected the critique of a federal court order in the application of law with the facts of record. Second, Plaintiff challenges whether the ALJ adequately considered and described the resulting effect of all documented impairments in the evaluation of Ms. Olin's subjective complaints. Because the Court finds the second issue is determinative in this matter, the Court will focus its findings primarily on that issue, while briefly addressing the first issue.

## Plaintiff's Subjective Complaints of Pain

Under the Eleventh Circuit pain standard, the claimant must provide evidence of an underlying medical condition and must produce objective medical evidence confirming the severity of the alleged pain or evidence that the determined medical condition is of the severity which can reasonably be expected to give rise to the degree of pain or symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In 20 C.F.R. § 404.1529, the regulations provide that a claimant's statements about pain or other symptoms will not alone establish disability. Rather, medical signs and laboratory findings must be present to show a medical impairment that could reasonably be expected to produce the symptoms alleged.

In this case, the ALJ found Plaintiff's "neck pain secondary to fusion of the cervical spine" to be severe impairments. Plaintiff produced evidence of three cervical surgeries performed over a period of three and one-half years in an effort to alleviate the neck pain (T. 207-210, 217-221, 175-178, 181-182), as well as evidence of limited range of motion in her neck subsequent to those surgeries (e.g., T. 172, 174, 197, 236) and of on-going pain to a degree that required the administration of nerve blocks on May 19, 1988 and

2

November 17, 1993 (T. 171). Further, Plaintiff has consistently complained of pain in relation to her neck, back and/or shoulder (see, e.g., T. 94, 97, 100, 160,162, 164, 165, 169, 171-174, 176, 191, 196, 275-279, etc.). Consistency of a plaintiff's complaints of pain may be considered when determining whether a plaintiff's pain testimony is credible. *Cf. Foote v. Chater*, 67 F.3d at 1560-61; *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). While there are records indicating some improvement of pain, subsequent records show a return or an increase in pain. (See, e.g., T. 167 (indicating Plaintiff no longer had any neck or shoulder pain on October 20, 1988), T. 166 (indicating on October 31, 1988 Plaintiff was having cramps and pain in her left arm every time she raised it), T. 165 (indicating Plaintiff was no longer affected by on and off neck pain, but continued to have shoulder pain with limitation of movement)).

Under *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995), if proof of disability is based upon subjective evidence and a credibility determination is critical to the decision, the ALJ must articulate adequate reasons for rejecting allegations of pain. Here, the ALJ determined that Plaintiff's testimony concerning her subjective complaints of pain "were not especially credible." The ALJ further stated, "Her subjective complaints are exaggerated in comparison with the objective medical tests and clinical findings." (T. 420).

As support for this credibility determination, the ALJ states there is evidence in the record that reveals in November 1993 the Plaintiff was providing care for her granddaughter. (T. 420, 275). The ALJ pulls this information from the treating physician notes of Dr. Jyoti Patel, Director of the Clinic for Pain Management at University Hospital in Jacksonville, FL. However, the ALJ ignores the full statement that Plaintiff "is able to

3

lift coffee pots, stretch her arm across to place dishes in a dish rack, but towards the end of the day, she is unable to hug her granddaughter whom she takes care of." (T. 275). The next statement is, "The pain is severe enough to cause the patient to cry." (T. 275). No information is provided concerning the level of care of the granddaughter, including the age of the granddaughter. The ALJ did not elicit such information at either the December 1995 or the March 2001 hearing. What is documented in these doctor's notes are Plaintiff's consistent complaints of severe pain, Plaintiff's repeated efforts to find medical treatment that will alleviate the pain, and Dr. Patel's diagnosis of cervicalgia and myofascial pain syndrome. (T. 275-277). Dr. Patel's treatment plan for Plaintiff included prescriptions for anti-inflammatory and muscle relaxant medication for the pain, another attempt at physical therapy and another round of nerve blocks. (T. 277).

In the paragraph preceding the his determination that Plaintiff's testimony was not "especially credible," the ALJ refers to Plaintiff's testimony concerning her activities of daily living. It appears, that the ALJ credited Plaintiff's testimony about her daily activities, yet discredited her testimony as to the extent of her disabling pain. Review of the record as a whole reveals Plaintiff's statements of daily activities indicate those activities have been restricted and are not consistent with a person able to perform work eight (8) hours a day, five (5) days a week. For example, Plaintiff stated she cooked soup in the microwave (T. 449) but could not cook a hamburger or anything like that (T. 449-450), she had help with the cleaning and shopping (T. 449), and she had help from her daughter with the laundry (T. 454). The Eleventh Circuit has found that participation in everyday activities of short duration, such as housework does not disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). Further such activities are not necessarily

4

inconsistent with disabling pain. *Holman v. Barnhart*, 313 F.Supp.2d 1265, 1270 (N. D. Ala. 2004).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true." *Foote v. Chater*, 67 F.3d at 1561-62 (11th Cir. 1995) (internal citation omitted). The articulated reasons must be based on substantial evidence. *Jones v. Dep't of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991).

Here, the ALJ's reliance on a statement that Plaintiff apparently provides some level of care for a granddaughter and the testimony indicating Plaintiff is capable of some restricted daily activities misreads the record evidence. Further, the ALJ's determination that Plaintiff's subjective complaints are exaggerated is not supported by the record. As announced during the August 25th hearing, because the ALJ has failed to articulate sufficient reasons for rejecting Plaintiff's subjective complaints of pain and, thus, has not properly discredited her testimony, Plaintiff's complaints of pain are now accepted as true as a matter of law. *See Foote v. Chater*, 67 F.3d at 1562.

**Adherence to Earlier Court Order**

Further, as noted during the August 25th hearing, the Court finds the ALJ has again misstated parts of the record. *See* T. 509-511, May 30, 2000 Opinion & Order (United States Magistrate Judge Howard Snyder identified inaccuracies between the first administrative decision and the record evidence). For example, in the decision currently under review, the ALJ points to transcript page 233 of the record for the proposition that

5

despite Plaintiff's complaints that Motrin "occasionally helps, but most often does not" help the pain, "prescription medication was not prescribed or requested." (T. 419). In fact, both transcript pages 233 & 234 contain the doctor's notes for the January 9, 1990 visit, wherein Dr. Kopach, M.D. did in fact prescribe medication. (See T. 234). The Court's findings attached hereto identify another misstatement.

Where the ALJ has misstated or misconstrued the record evidence, the Court can not find substantial evidence supports the decision. The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). In the Eleventh Circuit, a court must remand a case for reconsideration when the reviewing court is unable to determine whether the ALJ applied the statutory and regulatory requirements as construed by this circuit. *Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987). The regulations are clear the ALJ must consider all the evidence submitted by a claimant in support of a disability application. 20 C.F.R. § 404.1520(g). It is impossible to say the ALJ's decision is supported by substantial evidence, when the record differs from the ALJ's factual findings.

In the Third Circuit a case will be remanded when it is found the ALJ has not considered all the relevant evidence and has misconstrued the evidence that was considered. *Cotter v. Harris*, 642 F.2d 700 (3rd Cir. 1981). In *Baker v. Barnhart*, Case No. 03-C-2291, 2004 WL 2032316, N.D. Ill. Sept. 9, 2004, the court ordered the case be remanded to the Commissioner where the ALJ had misstated the record and failed to address the physical limitations found by the plaintiff's treating physician. These cases are instructive where, as here, the Court finds the ALJ's misstatements of record reveal he did

not properly review the evidence.

The Court's directions on remand are contained within the Findings attached hereto.

Accordingly, it is hereby **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. §§ 405(g).

2. The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this __29th__ day of September, 2005.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record

```
       IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT
               OF FLORIDA, JACKSONVILLE DIVISION


BETTY L. OLIN,
                                   Jacksonville, Florida
            Plaintiff,             Case No. 3:03-cv-710-J-TEM


vs.


JO ANNE B. BARNHART,               August 25, 2005
Commissioner of Social             12:00 noon
Security,                          Courtroom 5 B
            Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~
            TRANSCRIPT OF THE COURT'S FINDINGS


          BY THE HONORABLE THOMAS E. MORRIS

               UNITED STATES MAGISTRATE JUDGE


                 Sandra Pemberton, RPR, CRR
```



Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

```
 1                     APPEARANCES OF COUNSEL
 2
 3    On behalf of the Plaintiffs:
 4           William E. Horne, Jr, Esquire
 5           Post Office Box 52146
 6           Jacksonville, Florida  32201
 7           (904) 358-1001
 8           (904) 357-3508 facsimile
 9           whorne@hornelaw.com
10
11    On behalf of the Defendants:  (Appearing by telephone)
12           Susan R. Waldron, Assistant U.S. Attorney
13           U.S. Attorney's Office
14           400 North Tampa Street, Suite 3200
15           Tampa, Florida  33602
16           (813) 274-6000
17           susan.waldron@usdoj.gov
18
19
20
21
22
23
24
25
```



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile:  904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

                    Hearing
                 August 25, 2005


       THE COURT:  We're back in court on the case of
Betty Olin versus Jo Anne Barnhart.  Mr. Horne is
present in the courtroom and Ms. Waldron is on the
telephone again.
       Ms. Waldron, can you hear okay?
       MS. WALDRON:  Yes, thank you, Your Honor.
       THE COURT:  In the background of this case,
Plaintiff has a protective filing date for
disability benefits of May 24th, 1994.  In the
transcript, pages 48 to 52.
       Plaintiff stated she became unable to work due
to her disabling condition on November 15th of
1986, transcript 64.  Plaintiff alleged on her
disability report that she was disabled due to hip
pain, neck pain, pain in the left arm, muscle
spasms, and an inability to hold the head back for
any length of time, or raise the arms above the
head.  Transcript 64.
       Administrative Law Judge Charles Romo held the
first administrative hearing on December 21st, 1995
in Jacksonville, Florida.  A transcript of that
hearing is at 26 to 47 of the records.



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile: 904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1        Plaintiff appeared and testified at that
 2   hearing.
 3        Plaintiff was represented at the first
 4   administrative hearing by Attorney Tracy Tyson.
 5        The administrative law judge issued his
 6   decision denying benefits on September 26, 1996.
 7   His decision is at pages 15 to 22 of the record.
 8        The Appeals Council denied Plaintiff's request
 9   for review on April 6, 1998, transcript pages 3 and
10   4, making the ALJ's decision the final decision of
11   the Commissioner.
12        Thereafter, Plaintiff filed a complaint in
13   Federal Court.  That case was remanded under
14   Sentence 4 of 42 U.S.C. 405(g) by Opinion and Order
15   of the Court.  Transcript 503 to 512, Civil Case
16   No. 3:98-cv-395-J-HTS.  The Court held that it was
17   "unable to conclude the ALJ's explicit reliance
18   upon an erroneous description of the record
19   evidence subsequent to the relevant period,
20   combined with the mischaracterization of Claimant's
21   daily activities, did not have a material impact
22   upon the decision."  Transcript 511.  The Court
23   directed a reevaluation of Mrs. Olin's residual
24   functional capacity and a reconsideration of her
25   complaints of pain, transcript 511.  The Court also
```



Accurate Reporting Service of Jacksonville, Inc.
Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com
2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1    suggested that the Commissioner might see a
 2    potential need to use a vocational expert,
 3    transcript 511.
 4         At the administrative level, the Appeals
 5    Council entered an order remanding the case to the
 6    administrative law judge for proceedings consistent
 7    with the Order of the Court, transcript 515 to 516.
 8         On remand, the Administrative Law Judge Romo
 9    conducted a subsequent hearing on March 7th of
10    2001, the transcript of which is at pages 433 to
11    472 of the record.
12         Plaintiff appeared and testified at the
13    subsequent hearing, as did Vocational Expert
14    Charles Heartsill.
15         Plaintiff was represented at the subsequent
16    hearing by her current counsel of record,
17    Mr. William Horne, Jr.
18         On February 11th of 2002, Administrative Law
19    Judge Romo again denied Plaintiff's claim for
20    benefits.  The decision is at 417 to 423 of the
21    record.
22         Plaintiff filed this action in Federal Court on
23    August 22nd of 2003, Document No. 1.
24         The Plaintiff's earning records show, and the
25    parties agree, that Plaintiff's DIB eligibility
```



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile:  904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1    expired on March 31st of 1989.  That's in the
 2    record at transcript 15, 61, 435, and 517.
 3    Therefore, the relevant time period for
 4    consideration of Plaintiff's Title II application
 5    is from November 15th of 1986, her alleged onset
 6    date, to March 31st, 1989, the date her insured
 7    status expired.
 8         Parties filed their briefs and the Court heard
 9    oral argument this morning.
10         The Court has reviewed the record in its
11    entirety, including:  Plaintiff's memorandum, which
12    is document 18 in the court file; and Defendant's
13    memorandum, which is document 19.
14         Plaintiff is entitled to disability benefits
15    when she is unable to engage in substantial gainful
16    activity by reason of any medically determinable
17    physical or mental impairment which can be expected
18    to either result in death or last for a continuous
19    period of not less than 12 months.  42 U.S.C.
20    Section 416(i), Section 423(d)(1)(A), and 20
21    C.F.R., Section 404.1505.  The Commissioner has
22    established a five-step sequential evaluation
23    process for determining whether Plaintiff is
24    disabled and, therefore, entitled to benefits.  See
25    20 CFR, Section 404.1520, and the case of Crayton
```



Accurate Reporting Service of Jacksonville, Inc.
Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com
2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1    versus Callahan, 120 F.3d 1217 to 1219, Eleventh
 2    Circuit 1997.  Plaintiff bears the burden of
 3    persuasion through step 4, while at step 5, the
 4    burden shifts to the Commissioner, Bowen versus
 5    Yuckert, 482 U.S. 137 at 146 note 5, 1987.
 6         The scope of this Court's review is generally
 7    limited to determining whether the ALJ applied the
 8    correct legal standards.  McRoberts versus Bowen,
 9    841 F.2d 1077 at 1080, Eleventh Circuit 1980, and
10    whether the findings are supported by substantial
11    evidence, Richardson versus Perales, 402 U.S. 389
12    at 390, 1971.  The Commissioner's findings of facts
13    are conclusive if supported by substantial
14    evidence, 42 U.S.C., Section 405(g).  Substantial
15    evidence is more than a scintilla, that is, the
16    evidence must do more than merely create the
17    suspicion of the existence of a fact, and must
18    include such relevant evidence as a reasonable
19    person would accept as adequate to support the
20    conclusion, Foote versus Chater, 67 F.3d 1553 at
21    1560, Eleventh Circuit 1995, and Richardson versus
22    Perales, 402 U.S. at 401.
23         Where the Commissioner's decision is supported
24    by substantial evidence, the district court will
25    affirm, even if the reviewer would have reached a
```



Accurate Reporting Service of Jacksonville, Inc.
Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile:  904.355.6152
www.arsjax.com
2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1    contrary result as finder of fact, and even if the
 2    reviewer finds that the evidence preponderates
 3    against the Commissioner's decision.  Edwards
 4    versus Sullivan, 937 F.2d 580 at 584, Eleventh
 5    Circuit 1991.  The district court must view the
 6    evidence as a whole, taking into account evidence
 7    favorable as well as unfavorable to the decision,
 8    Foote versus Chater, 67 F.3d at 1560.
 9         The Commissioner must apply the correct law and
10    demonstrate that she has done so.  While the Court
11    reviews the Commissioner's decision with deference
12    to the factual findings, no such deference is given
13    to the legal conclusions.  Keeton versus Department
14    of HHS, 21 F.3d 1064 at 1066, the Eleventh Circuit
15    1994.  Therefore, in determining whether the
16    Commissioner's decision is supported by substantial
17    evidence, the Court will not reweigh the evidence,
18    but is limited to determining whether the record,
19    as a whole, contains sufficient evidence to permit
20    a reasonable mind to conclude that the claimant is
21    not disabled.  Bloodsworth versus Heckler, 703 F.2d
22    1233, Eleventh Circuit 1983.
23         Plaintiff has raised two basic issues on
24    appeal.  First, whether the ALJ -- whether or not
25    the ALJ respected the critique of a federal court
```


Accurate Reporting Service of Jacksonville, Inc.
Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com
2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1      order in the application of law with the facts of
 2      record and, secondly, whether or not the ALJ
 3      adequately considered and described the resulting
 4      effect of all documented impairments in the
 5      evaluation of Mrs. Olin's subjective complaints.
 6           Having heard the argument this morning and
 7      having reviewed the record as a whole, I have
 8      determined that the ALJ's decision is not supported
 9      by substantial evidence and this case must be
10      remanded for further proceedings.
11           The administrative law judge did not provide
12      any reason for discarding the diagnosis of
13      myofascial pain syndrome as a severe impairment,
14      when he had earlier found it to be such.  Even if
15      the earlier ALJ decision has only significance as a
16      historical document, it remains in the record, as
17      does medical evidence of this condition.  At step 2
18      of the five-step evaluation process, the ALJ is
19      called upon to determine whether a claimant's
20      impairments are severe.  By definition, this
21      inquiry is a threshold inquiry.  It allows only
22      claims based on the most trivial impairments to be
23      rejected.  In this Circuit, an impairment is not
24      severe only if the abnormality is so slight and its
25      effect so minimal that it would clearly not be
```



Accurate Reporting Service of Jacksonville, Inc.
Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com
2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1       expected to interfere with the individual's ability
 2       to work, irrespective of age, education, or work
 3       experience.  A claimant need show only that her
 4       impairment is not so slight and its effect not so
 5       minimal.  McDaniel versus Bowen, 800 F.2d 1026 at
 6       1031, Eleventh Circuit 1986.  There are at least
 7       three diagnoses of myofascial pain syndrome
 8       contained within the record.  And I'll cite the
 9       transcript 100, 197, 246, and 276.  The Appeals
10       Council is incorrect that there were no subsequent
11       diagnoses to the first one by Dr. Nguyen, which is
12       at 197.  Plaintiff has repeatedly complained of
13       neck and shoulder pain consistent with such
14       diagnosis.  Thus, Plaintiff has made a sufficient
15       showing to satisfy the Step 2 threshold inquiry for
16       finding the myofascial pain to be a severe
17       impairment.
18            I also find the ALJ misstated the record on at
19       least one key point and did not properly discredit
20       the Plaintiff's subjective complaints of pain.  The
21       ALJ's statement that the "objective evidence
22       following the expiration of plaintiff's date last
23       insured also fails to document the presence of a
24       pre-existing condition" is contradicted by his own
25       findings of Plaintiff's severe impairments prior to
```



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1        the date last insured and by the medical evidence
 2        documenting Plaintiff's cervical condition.  The
 3        ALJ did not provide adequate and sufficient reasons
 4        for discrediting Plaintiff's pain testimony, which
 5        I now find must be accepted as true.  Foote versus
 6        Chater, 67 F.3d at 1562.
 7             This case should be remanded for further
 8        administrative proceedings by a different
 9        administrative law judge, and I understand that
10        will be the case regardless based on Mr. Romo's
11        retirement.  On remand, the Commissioner must
12        re-evaluate the claimant's residual functional
13        capacity in light of Plaintiff's allegations of
14        pain and must make a specific finding as to what
15        limitations, if any, Plaintiff's pain has on her
16        capacity to work, including whether such
17        nonexertional limitations would preclude a full
18        range of employment at the sedentary level, Foote
19        versus Chater, 67 F.3d at 1559.  Under Eleventh
20        Circuit precedent, the administrative court should
21        utilize a vocational expert to testify whether
22        plaintiff can perform specific work.
23        Foote versus Chater at 1559.
24             I will issue additional findings with my
25        written order and judgment shortly.
```



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile:  904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

Hearing                                              August 25, 2005

                                                              12

```
 1          I caution Plaintiff, however, that this opinion
 2   does not suggest that Plaintiff is entitled to
 3   disability insurance benefits.  Rather, it "speaks
 4   only to the process the ALJ must engage in and the
 5   findings and analysis the ALJ must make" before
 6   determining whether Plaintiff is disabled within
 7   the meaning of the Social Security Act.  Phillips
 8   versus Barnhart, 357 F.3d, 1232 at 1244, Eleventh
 9   Circuit 2004.
10          So the additional findings will be out within a
11   few days.
12          Thank you both, counsel, for your arguments
13   today.
14          MR. HORNE:  Thank you, sir.
15          THE COURT:  I appreciate your appearances.
16          Is there anything else we can take up this
17   morning?
18          MR. HORNE:  No, sir, I appreciate your time
19   and I appreciate Ms. Waldron's time.
20          THE COURT:  Ms. Waldron, anything else?
21          MS. WALDRON:  No, Your Honor, thank you.
22          THE COURT:  Thank you.  We'll be in recess.
23
24          (Proceedings concluded at 12:17 p.m.)
25
```



ACCURATE REPORTING SERVICE OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free:  800.322.8416
Facsimile:  904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

```
 1                        CERTIFICATE

 2   STATE OF FLORIDA    )

 3                       )

 4   COUNTY OF DUVAL     )

 5

 6      I, Sandra Pemberton, Registered

 7   Professional Reporter, Certified Realtime Reporter,

 8   certify that I was authorized to and did

 9   stenographically report the foregoing proceedings and

10   that the transcript is a true record thereof.

11

12            DATED this 9th day of September 2005.

13

14

15

16            Sandi Pemberton, RPR, CRR
```

Sandra Pemberton
My Commission DD328007
Expires January 13, 2008



ACCURATE REPORTING SERVICE
OF JACKSONVILLE, INC.

Telephone: 904.355.8416
Toll Free: 800.322.8416
Facsimile: 904.355.6152
www.arsjax.com

2225 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202